J-S10018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW JOSEPH ALLAM SR. | |
| Appellant | No. 1322 EDA 2018 |

Appeal from the Order Dated April 17, 2018
In the Court of Common Pleas of Pike County
Criminal Division at No.: CP-52-CR-0000469-2009

BEFORE:  GANTMAN, P.J.E., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:　　　　　　　　　　**FILED MAY 23, 2019**

Appellant Andrew Joseph Allam Sr. *pro se* appeals from the April 17, 2018 order entered in the Court of Common Pleas of Pike County ("PCRA court"), which dismissed as untimely his serial petitions under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  Between May 1, 2007 and August 21, 2009, Appellant had a sexual relationship with KS, a minor daughter of Appellant's paramour at the time.  Both the paramour

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise noted, these facts are taken from this Court's March 7, 2014 memorandum affirming the denial of Appellant's first PCRA petition.  **See Commonwealth v. Allam**, No. 959 EDA 2013, unpublished memorandum, at 1-2 (Pa. Super. filed March 7, 2014) (citing PCRA Court Opinion, 4/3/13, at 1-2), **appeal denied**, 99 A.3d 75 (Pa. 2014).

and KS lived with Appellant throughout the time of these offenses. KS, who was born in 1995, was between twelve (12) and fourteen (14) years old during this period. KS became pregnant with Appellant's child and gave birth in her residence. Upon arriving at the hospital, the state police were called. Following statements by KS to the police that Appellant had impregnated her, a further investigation revealed multiple sexual encounters occurred between Appellant and KS. The Commonwealth then filed the appropriate charges.

A jury trial was eventually held over a two-day period, commencing on November 18, 2010. The jury convicted Appellant of three counts of Rape of a Child, twenty counts of Involuntary Deviate Sexual Intercourse, seventeen counts of Statutory Sexual Assault, fifteen counts of Indecent Assault, and one count of Corruption of Minors.

On February 11, 2011, Appellant was sentenced to a term of forty to eighty years of incarceration, and Appellant was ordered to register with the state police as a sex offender pursuant to Megan's Law, 42 Pa.C.S.A. §§ 9795.1 *et seq*. Post-sentence motions were filed and denied, and on March 22, 2011, Appellant filed a timely notice of appeal. In a memorandum filed on December 2, 2011, this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Allam**, 40 A.3d 182 (Pa. Super. filed December 2, 2011) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on August 7, 2012. **See Commonwealth v. Allam**, 50 A.3d 124 (Pa. 2012).

On August 27, 2012, Appellant filed a timely PCRA petition, and the PCRA court appointed counsel. On December 6, 2012, counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 12, 2012, the PCRA court granted counsel's motion to withdraw, informed Appellant of its intent to dismiss his PCRA petition within twenty days pursuant to Pa.R.Crim.P. 907, and directed Appellant that he had twenty days in which to respond. When the PCRA court received no response from Appellant, it entered an order on January 7, 2013, dismissing his PCRA petition. Appellant appealed to this Court, raising thirty assertions of error. In deciding the appeal, we observed that Appellant's "statement of the issues presented is merely a rambling attack on multiple facets of the trial court's proceedings" and "that nearly all of Appellant's issues presented were previously litigated in his direct appeal, were waived, or they are not cognizable claims under the PCRA." **Allam**, No. 959 EDA 2013, unpublished memorandum, at 6. Ultimately, on March 7, 2014, we affirmed the trial court's denial of Appellant's PCRA petition, concluding, *inter alia*, that Appellant's ineffectiveness claims, his only viable issues on appeal, lacked merit. On September 3, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Allam**, 99 A.3d 75 (Pa. 2014).

On August 10, 2016, Appellant *pro se* filed a "Petition to Correct Illegal Sentence," asserting that his sentence was illegal under **Alleyne v. United**

*States*, 570 U.S. 99 (2013) and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). Treating the *pro se* filing as Appellant's second PCRA petition, the PCRA court, on September 23, 2016, issued a Rule 907 notice of its intention to dismiss. On October 13, 2016, Appellant filed his response to the proposed dismissal. Thereafter, Appellant submitted a number of *pro se* filings. On April 6, 2017, Appellant filed a "Motion to Compel Status of Intent to Dismiss PCRA."

During the pendency of his second PCRA petition, Appellant *pro se* filed his third PCRA petition on September 14, 2017, raising a claim under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).[2] On November 1, 2017, Appellant *pro se* filed a "Motion for Video Conference."[3] On January 10, 2018, Appellant filed a "Motion to Dismiss Charges for Violation of Pa. Crim. Rule 1100/600," requesting that the PCRA court permit him to amend the third PCRA petition to include a Rule 600 claim. On February 1, 2018, Appellant filed a "Petition to Amend Petitioner's Claim of Challenges to Legality of His Sentence to His Current PCRA Petition."

On February 6, 2018, the Commonwealth filed a "Motion to Dismiss PCRA Without Further Proceedings," asserting that Appellant's filings were

---

[2] In *Muniz*, our Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution.

[3] The PCRA court granted Appellant's motion for video conference on February 2, 2018.

untimely under the PCRA. On March 2, 2018, Appellant filed a response to the Commonwealth's motion. On March 8, 2018, Appellant filed a "Petition to Dismiss Criminal Action No. 469-2009 the Criminal Case Is Barred by the Doctrine of Collateral Estoppel And the Doctrine of Res Judicata."

Following a hearing on April 17, 2018, the PCRA court denied Appellant's filings in their entirety and granted the Commonwealth's motion to dismiss.[4] Appellant *pro se* timely appealed to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising two assertions of error. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents two issues for our review:

[I.] The PCRA court erred in dismissing Appellant's (***Muniz***) PCRA, as failing to meet any of the exceptions under [Section] 9545(b)[.]

[II.] The PCRA court erred in dismissing Appellant's motion to dismiss for violation of [R]ule 600, motion to amend claim of challenges to legality of sentence to current PCRA, and motion to dismiss criminal action 469-2009 based upon collateral estoppel.

Appellant's Brief at ii.[5]

---

[4] In ***Commonwealth v. Montgomery***, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), we held that PCRA courts are not jurisdictionally barred from considering serial PCRA petitions, provided that there is not a pending appeal of a PCRA petition and that PCRA courts are permitted to dispose of several PCRA petitions in one overarching order. ***Montgomery***, 181 A.3d at 367 ("PCRA courts have jurisdiction to consider multiple PCRA petitions relating to the same judgment of sentence at the same time so long as a prior petition is not under appellate review and, therefore, not yet final.").

[5] Appellant seemingly abandons his second issue on appeal because he has failed to include it in the argument section of his brief, much less develop it in

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

---

any coherent fashion. As a result, the second issue is abandoned, as we cannot meaningfully review it. ***See*** Pa.R.A.P. 2119(a) (stating that the argument section of the parties' briefs "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctly displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted), ***cert. denied***, 562 U.S. 906 (2010); ***see also Commonwealth v. Murchinson***, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); ***Commonwealth v. Heilman***, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); ***Commonwealth v. Cornelius***, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on November 5, 2012. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); Sup. Ct. R. 13. Because Appellant had one year from November 5, 2012, to file his PCRA petition, the current filing raising the *Muniz* issue is facially untimely given it was filed on September 14, 2017.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant invokes the time-bar exception of Section 9545(b)(1)(iii) of the PCRA in arguing, without citing any legal authority, that that our Supreme Court's decision in *Muniz* created a new substantive right that applies retroactively. Our Supreme Court has set forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497, 501 (2002).

We recently addressed a similar claim under Section 9545(b)(1)(iii) in

**Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018). In **Murphy**,

we explained:

> that **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the a]ppellant's PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Murphy**, 180 A.3d at 405-06 (emphasis in original) (citations omitted).

Consistent with **Murphy**, Appellant obtains no relief *sub judice* because, to

date, our Supreme Court has not held **Muniz** to apply retroactively to meet

the Section 9545(b)(1)(iii) exception. Accordingly, we affirm the PCRA court's

order, as Appellant's petition is untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/19

- 9 -